UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:06-CR-18-R

UNITED STATES OF AMERICA                                              PLAINTIFF

v.

DONALD JAMES                                                          D E F E N D A N T

**OPINION and ORDER**

Defendant filed a Motion for a Bill of Particulars, specifying the topics he requested to be clarified. (Docket #8). The prosecution responded that some topics were moot, some were already disclosed to Defendant, and that the others were properly set out in discovery not a bill of particulars. (Docket #9). The Court now DENIES the Motion for Bill of Particulars and, in addition, finds that many of Defendant's requests for information are mooted by the ongoing discovery in this matter.

This case centers around charges that Defendant engaged in Medicare fraud by paying medical professionals to refer patients to Defendant's business. Upon treating these patients, Defendant received payment from Medicaid, allegedly in violation of 42 U.S.C. § 1320a-7b (b)(2)(A). Prosecution heavily redacted the Indictment (Docket #1) filed against Defendant in this matter to protect the identities of the patients and the medical professionals who allegedly referred them. The prosecution did, however, describe the medical professionals and identified the patients through their initials, date of service, and Medicare payment check number.

Defendant argues that he was unable to adequately respond to the Indictment without the issuance of a Bill of Particulars to clarify the claims against him. First, Defendant requests the

identities of the medical professionals and patients redacted from the Indictment.  As the prosecution has sent Defendant a nonredacted copy of the Indictment, this request is now moot.  After finding the identities of these potential witnesses from the nonredacted Indictment, Defendant may properly glean the details of how, when, and where the alleged bribes occurred.  Defendant also seeks a witness list and exhibit list, as well as information on potential experts, statements taken, documents produced, damages claimed, and writings or recordings made, that the prosecution might introduce at trial.  Again, Defendant should properly seek this information through discovery and pre-trial preparation, not through a Bill of Particulars.  Lastly, the Defendant seeks the prosecution to reveal its trial strategy, including certain arguments that they might make during the trial.  The Defendant is simply not entitled to the strategy of the opposing party.

     Since the Defendant is afforded ample discovery in this matter and has received any clarification of the Indictment which this Court might deem necessary, the Motion for Bill of Particulars is hereby DENIED.