UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO.: 1:06-CR-18

UNITED STATES OF AMERICA											PLAINTIFF

v.

DONALD JAMES
JAMES MEDICAL EQUIPMENT, LTD.
MARK HINKLE											DEFENDANTS

## MEMORANDUM OPINION

The prosecution in this matter filed a Motion in Limine. (Docket # 42). Defendants Donald James ("James") and James Medical Equipment ("JME") filed a joint Response. (Docket # 43). Defendant Mark Hinkle ("Hinkle") also responded. (Docket # 44). The prosecution filed a Reply to these Responses. (Docket # 45). The matter is now ripe for adjudication. The Court now DENIES the prosecution's Motion in Limine.

## BACKGROUND

This matter arises from Defendants' alleged participation in a kickback scheme involving payments from Medicare. James owned and managed JME, a business engaged in the sale of medical respiratory equipment. A substantial portion of the respiratory equipment sold by JME resulted in payments from Medicare to JME. Hinkle was a respiratory therapist who was working with JME. The parties contractually agreed that Hinkle would be compensated for patients he referred to JME for the purchase of their medical equipment. These contracts specifically labeled Hinkle as an independent contractor for JME, not an employee. From his referrals, Hinkle received over $75,000 from JME, and JME received approximately $1,000,000

in Medicare payments from the referrals. Defendants are now prosecuted for their participation in an allegedly illegal kickback scheme under Title 42, United States Code Section 1320a-7b(b)(2).

## STANDARD

The Anti-Kickback Statute was enacted to address fraud and abuse within the Medicare and Medicaid systems, ensure that referrals for medical products and services are based on the patients' best medical interests, and reduce rising healthcare costs caused by fraud. The statute states

> Whoever knowingly and willfully offers or pays any remuneration (including any kickback, bribe, or rebate) directly or indirectly, overtly or covertly, in cash or in kind to any person to induce such person
> (A)  to refer an individual to a person for the furnishing of any item or service for which payment may be made in whole or in part under title XVII, a State health care program, or
> (B)  to purchase, lease, order or arrange for or recommend purchasing, leasing, or ordering any good, facility, service, or item for which payment may be made in whole or part under title XVIII or state health care program, shall be guilty of a felony and upon conviction thereof, shall be fined not more than $25,000 or imprisoned for not more than five years, or both.

42 U.S.C. § 1320-7b(b)(1).

The statute also carves out a safe harbor to the above requirement: "Paragraph[] (1)... shall not apply to...(B) any amount paid by an employer to an employee for employment in the provision of covered items or services..." 42 U.S.C. § 1320-7b(b)(3).

The law is clear that both physicians and other medical healthcare providers, such as respiratory therapists, may be prosecuted for receiving kickbacks for referrals under the Anti-Kickback Statute. *United States v. Polin*, 194 F.3d 863, 864-67 (7th Cir. 1999). Furthermore,

medical providers other than physicians can be prosecuted for referring patients to health care equipment providers where their actions go beyond mere advertising and constitute an improper influence over patients to use a certain provider. *United States v. Miles*, 360 F.3d 472, 479-81 (5th Cir. 2004).

## ANALYSIS

In the instant Motion, the prosecution seeks for the Court to order Defendants not to present to the jury an alternate interpretation of the law described above. James and JME claim that they did not willfully violate the Anti-Kickback Act because they did not believe that paid referrals from non-physicians were illegal. Defendants also argue that the referral scheme was not illegal because Hinkle was an employee of JME, not an independent contractor, and therefore the kickbacks fall within the statute's safe harbor.

The prosecution contends that the Defendants should not be able to explain to the jury their prior interpretation that the Anti-Kickback Statute only prohibited kickbacks to physicians, not other healthcare providers. Defendants note that this explanation of James' interpretation of the statute at the time is relevant to their defense that James and JME did not willfully violate the statute. The prosecution argues, however, that this explanation will confuse the jury, making them confuse the Defendants' mistaken interpretation of the Anti-Kickback Statute with the Court's correct statement of the applicable law. Because the prosecution believes that the risk of undue prejudice through confusion of the jury substantially outweighs the probative value of this explanation, the prosecution seeks for the Court to exclude Defendants' explanation of their interpretation of the law under Federal Rule of Evidence 403. *See United States v. Nash*, 175

F.3d 429, 435 (6th Cir. 1999).

> When willfulness is an element of an offense, a defendant
>
> must be permitted to present evidence to show what he purportedly believed the law to be at the time of his allegedly criminal conduct.  At the same time, however, the district court must be permitted to prevent the defendant's alleged view of the law from confusing the jury as to the actual state of the law, especially when the defendant has constructed an elaborate, but incorrect view of the law based on misinterpretation.
> *United States v. Simkanin*, 420 F.3d 397, 404 (5th Cir. 2005).

In this case, the Court finds that the Defendants do not offer an "elaborate" incorrect view of the law, nor advance an alternate interpretation of the law that they believe should ultimately apply. Instead, Defendants merely seek to state that, at the time of the actions for which they are prosecuted, they did not believe that nonphysicians could give referrals and receive kickbacks as prohibited by the statute.  The Court holds that this is necessary to the defense and, so long as this position is not advanced as the actual state of the law, is not unduly confusing to a jury.[1]

The Defendants also seek to present evidence that Hinkle was an employee of JME, not an independent contractor, and therefore is excepted from the provisions of the Anti-Kickback Statute.  The prosecution seeks to exclude this argument as well, claiming that no evidence supports it.  The prosecution lists several pages of evidence which directly conflicts with Defendants' claim that Hinkle was an employee, and the Defendants present no concrete evidence in support of their claim.   The Court finds, however, that Hinkle's employment status is essentially an issue of fact, not one of admissibility or of law.  Therefore, a jury should decide

---

[1] Defendants claim that the Court's ruling on this issue is premature because jury instructions have not yet been submitted.  Because the prosecution seeks to exclude argument at trial, not merely establish the state of the law to be applied, the Court finds that the Motion is properly decided at this time.

4

this matter and Defendants should be allowed to present their argument regarding Hinkle's employment status.

## CONCLUSION

For the above reasons, the prosecution's Motion in Limine is DENIED. An appropriate Order shall issue.